(59 Misc. Rep. 630.)

### CITY OF NEW YORK v. FULTON ST. R. CO.

(Supreme Court, Trial Term, New York County. June, 1908.)

TAXATION—STREET RAILROADS—FRANCHISE TAX.

A street railroad company, under obligation to pay a franchise tax under General Railroad Law (Laws 1890, p. 1111, c. 565) § 95, is not liable for receipts derived from its operation under trackage agreements over tracks built and owned by other companies.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 45, Taxation, § 633.]

Action by the city of New York against the Fulton Street Railroad Company to recover percentage tax. Judgment for defendant.

F. K. Pendleton, Corp. Counsel, for plaintiff.

H. A. Robinson, for defendant.

TRUAX, J. The municipal authorities of the city of New York gave to the defendant, the Fulton Street Railroad Company, the privi-

lege of building and operating tracks upon Fulton street and adjoining streets for a distance of some two miles. For about one mile of this distance, however, consent had already been given by the same municipal authorities to other railroads to construct tracks and operate cars. These railroads had already opened the street and laid tracks. The defendant or its predecessor actually built tracks and operated cars upon about one-half of the route. The defendant entered into trackage agreements with the other railroad companies, which had already built tracks, by which agreement it acquired the right to run its cars over the tracks that had already been constructed. This right was given to the defendant for a valuable consideration. The defendant has at all times paid to the plaintiff the percentage tax upon the receipts derived from the operation over the tracks constructed and operated by itself. It has, however, never paid a percentage tax upon the receipts derived from operation over the tracks of the other companies. The question before the court is whether there shall be included in the gross receipts, from which the defendant is under obligation to pay the percentage tax, the receipts derived from operation under the trackage agreement over the tracks of the other companies.

I am of the opinion that it is not under such obligation. Section 95 of the general railroad law (Laws 1890, p. 1111, c. 565), which is the section which provides for the payment of the percentage tax, provides that any railroad company building or operating under the provisions of the railroad law or the Laws of 1884 shall pay the tax. The disputed mile of track was not constructed by defendant at all, but was constructed by other companies; nor was it operated by defendant under the above-mentioned law. It was operated by defendant under and by virtue of the trackage agreement with the other companies which constructed the tracks. It was held by the Court of Appeals, in Ingersoll v. Nassau Elec. R. R. Co., 157 N. Y. 453, 52 N. E. 545, 43 L. R. A. 236, that:

"As the law now stands, a railroad corporation desiring to use the tracks of another railroad cannot acquire from the municipality or the abutting owners a franchise to run cars over those tracks. Every part of the franchise was given to and acquired by the corporation constructing the road. No part of it was retained, nor any right to carve out of it another franchise, in whole or in part. The consent of the abutting property owners that one railroad corporation should use the tracks of another could not, therefore confer or contribute toward the bestowal of a franchise, and in the event of their refusal to consent they might very well claim that the Appellate Division is not authorized to grant consent in such cases under our present statutes, and thereupon insist that they were in a position to prevent the use of the tracks by the assignee corporation until their demands should be complied with. If, however, this contention should not avail, the Appellate Division might in the exercise of its discretion refuse to consent, and thus operation under the contract would be prevented. But if the burden was less onerous—indeed, if it was only slight—it would be beyond the legislative power to impose it. It is well settled that a perfected railroad franchise, constituted either by direct legislative grant or by consent of local authorities and property owners, in pursuance of the Constitution and general laws, especially when followed by actual operation, is a property right that cannot be afterward taken away or diminished, either by subsequent constitutional amendment or by legislative or municipal action, except in the exercise of the police power or the right of eminent domain."

That it is the intention of the statute that percentages should be paid only upon a track that is built and operated directly under the law appears from the following portion of section 95 of the railroad law:

"If a street surface railroad corporation existing and operating any such railroad in any such city shall thereafter extend its tracks or construct branches therefrom and shall operate such branches or extensions under the provisions of chapter two hundred and fifty-two, Laws of Eighteen Hundred and Eighty-Four, or of this article, such corporation shall pay such percentage only upon such portion of its gross receipts as shall bear the same proportion to its whole gross receipts as the length of such extensions or branches shall bear to the entire length of the line."

I am of the opinion that defendant is bound to pay the percentage tax upon $5515/10316$ of its gross receipts. This amount it is conceded that the defendant has already paid. Judgment is ordered for the defendant, dismissing the complaint, with costs.

Judgment for defendant, with costs.